IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ELMER ISRAEL BARRIOS, # 1164418 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-534 |
| | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID[1] | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Elmer Israel Barrios, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion for Summary Judgment with Brief in Support seeking the dismissal of Petitioner's writ. (Instrument No. 10). Petitioner filed a reply (Instrument No. 15). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas in Cause No. 40,826. Petitioner was indicted for one count of felony driving while intoxicated and two counts of intoxication assault. The indictment

---

[1] The previous named Respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

also contained an enhancement paragraph for a prior felony conviction. After hearing the evidence, a jury found Petitioner guilty of driving while intoxicated and one count of intoxication assault. The trial court sentenced Petitioner to ten (10) years confinement for each offense.

Petitioner appealed his conviction. *Barrios v. State*, No. 14-03-00564-CR. The court of appeals affirmed his conviction on September 30, 2004, and Petitioner did not file a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals.

On February 18, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on August 17, 2005. *Ex parte Barrios*, WR-61,553-01.

Petitioner filed the instant writ on September 27, 2005. Petitioner presents the following claims in his federal writ: (1) the evidence was insufficient to support his conviction; (2) the State failed to disclose favorable evidence; and (3) he is actually innocent. Fed. Writ Pet. at 7-8b.

<u>Insufficient Evidence Issue</u>

Petitioner claims the evidence was not legally sufficient to sustain his conviction for felony driving while intoxication or intoxication assault because there was no evidence identifying him as the driver of the vehicle and the medical records used to establish intoxication are not his, but belonged to a man named "Elmer Barraoe. " Fed. Writ. Pet. at 7.[2]

---

[2] In his Reply (Instrument No. 15), Petitioner appears to add a claim for factual insufficiency. Pet'r Reply at 8-10. Although this claim is not properly before the Court by way of an amended petition, even to the extent that it were, any such claim would be denied. A claim of factual insufficiency is a creation of Texas state law. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). No such distinction is recognized by federal courts and, therefore, claims of factual insufficiency are not cognizable in a federal habeas writ application. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

The AEDPA requires that a prisoner who seeks habeas relief in federal court must first exhaust all remedies available to him in state court.  28 U.S.C. § 2254.  All the grounds raised in a federal writ must have been fairly and properly presented to highest state court.  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  In this case, Petitioner never presented the claim of legal sufficiency to the highest state court.[3]  The exhaustion requirement, however, is satisfied if the unexhausted claim would be procedurally barred under state law.  *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998).  Under Texas law, Petitioner could not present this unexhausted claim in a habeas writ because claims of insufficient evidence are ordinarily not cognizable in Texas in a habeas proceeding.  *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  It has long been held under Texas law that a claim of legal insufficiency cannot be raised in a writ of habeas corpus petition; it can only be asserted in a direct appeal.  *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996).  Texas courts regularly uphold such procedural bars.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).  Therefore, to overcome this bar, Petitioner must demonstrate either cause and prejudice or show that a fundamental miscarriage of justice would result from the Court's failure to consider his claims.  *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992);  *Fearance*, 56 F.3d at 642.  He has made no attempt to demonstrate either prong of this requirement.  Accordingly, Petitioner's claim of legal sufficiency, which was not previously presented to the Texas Court of Criminal Appeals, is procedurally barred from being raised in this federal writ.

Even to the extent this claim was not procedurally barred, it is without merit.  In determining a claim for legal insufficiency, a federal habeas court decides whether "in the light most favorable

---

[3] Petitioner challenged the sufficiency of the evidence on appeal, but did not file a PDR with the Texas Court of Criminal Appeals.

to the prosecution, any rational trier of fact could have found the existence of facts necessary" for the crime's essential elements. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices must be construed in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999). The Court cannot grant habeas relief unless Petitioner shows that the state court's judgment (1) resulted in a decision contrary to, or involved an unreasonable application of, federal law, or (2) was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(1)-(2). Petitioner has not shown that the state court's judgment in this matter involved an unreasonable application of federal law or was unreasonable in light of the evidence.

Contrary to Petitioner's assertions, the evidence in the instant case was legally sufficient to support the convictions. In particular, the evidence presented included the following: (1) testimony from Asiano Chano Garcia who stated under oath that he was 46 years old (T.T., Vol. 2 at 87:1-2), that Petitioner was driving the vehicle (T.T., Vol. 2 at 88:20-23), and that he and Petitioner had been drinking beer prior to the accident (T.T., Vol. 2 at 90:14-24); (2) testimony from witness John Rodgers who stated under oath that there were two people inside the truck (T.T., Vol. 3 at 48:5-7), both were Hispanic males (T.T., Vol. 3 at 3:8-9), that the younger Hispanic man was the driver of the vehicle (T.T., Vol. 3 at 42-45), and that he saw the younger Hispanic man kick out the driver's side window and climb out of the truck (T.T., Vol. 3 at 48:13-21; 49:15-22); (3) testimony from Officer Holland who saw an older Hispanic man in the passenger seat of the truck and a younger Hispanic man outside the truck (T.T., Vol. 3 at 13:7-15), that he saw opened and unopened beer cans inside the truck (T.T., Vol. 3 at 15:20-25); that the younger Hispanic man outside the truck appeared to be "disoriented" and he "noticed a strong odor or alcohol," and his "eyes were glassy and bloodshot" (T.T., Vol. 3 at 16:1-8; 16:16-21), and that he determined after speaking to the witnesses

4

that the younger Hispanic man was the driver of the vehicle (T.T., Vol. 3 at 15:13-19; 20:15-18); (4) testimony from Corporal Trent that Petitioner was identified as the driver of the truck (T.T., Vol. 3 at 148:7-13; 149-150) and that he collected the identification card from the driver of the truck (T.T., Vol. 3 at 149:16-25; 150:1-23; State's Ex. No. 9); and (5) the testimony from several medical field witnesses who stated that they took Petitioner's blood, tested it for the presence and level of alcohol, and that the results showed a blood alcohol level of .28.  Viewing the evidence in this case in a light most favorable to the prosecution, it was clearly legally sufficient to support the jury's verdict of guilt.  The Court **RECOMMENDS** that the Respondent's Motion be **GRANTED** on this point.

### *Brady* Issue

Petitioner claims that "during the trial the State failed to bring forward the actual blood tests, the identification 'DPS' card, any confrontation of State's witness in the matters of his identification as the driver, he was not allowed to impeach the witness Lori Cox and the faulty medical recordations of another person other than himself."  Fed. Writ Pet. at 7.  Petitioner also claims that his blood should have been compared against the blood sample taken from "Elmer Barraoe."  *Id.* at 8b.

In a criminal case, the State is not permitted to suppress evidence favorable to the accused. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  A *Brady* claim arises when the discovery of favorable or exculpatory information is known to the prosecution, but is not known to the defense.  *United States v. Agurs*, 427 U.S. 97, 103 (1978).  A petitioner seeking habeas relief based on an alleged *Brady* violation must establish that "(1) the prosecution withheld evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material."  *Hill v. Johnson*, 210 F.3d 481, 485

(5th Cir. 2000).  "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  Moreover, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. at 109-10.

Petitioner's first argument, that the State violated his due process rights by failing to preserve the blood sample taken at the hospital and later tested, is without merit.  *See California v. Trombetta*, 467 U.S. 479, 488-91 (1984) (due process did not require a law enforcement agency to preserve breath samples taken from suspected drunk drivers in order for the results of the breath analysis tests to be available in a criminal prosecution).  Petitioner also makes no showing that the sample, considered in light of all the other evidence, could form the basis for exonerating him, or that the sample was discarded by the hospital's lab in bad faith.  *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Petitioner's second argument, that the State failed to bring forward the "identification DPS card" is also without basis since the record reflects that the card was not suppressed, but available, and used as evidence at the trial.  State's Ex. No. 9.

Petitioner's next argument appears to be that he was not allowed to confront the State's witnesses regarding their identification of him as the driver, or to impeach the witness Lori Cox, or to challenge the medical records on the basis that the records were not his, but were the records of "Elmer Barraoe." Petitioner's allegations are without merit.  Contrary to his claims, the record clearly establishes that he had the opportunity to cross-examine each of the State's witnesses

concerning their identification of him as the driver.  The record also reflects that Petitioner was given ample opportunity to cross-examine and attempt to impeach Lori Cox, as well as object to and attempt to challenge the admissibility of the medical records introduced into evidence by the State. Petitioner's failure to do so, however, was certainly not due to any conduct on the part of the State.

Finally, Petitioner argues that the State had a duty to "disclose the blood [taken] for re-testing purposes" and to allow Defendant to compare his blood to the blood sample taken from "Elmer Barraoe." Fed. Writ Pet. at 8b; Pet'r Reply at 12.  Petitioner's claim is without basis because he has not established that the State suppressed any evidence in violation of *Brady*.  Moreover, Petitioner himself concedes that he "did not specifically request [this]," from the State.  Pet'r Reply at 12. Instead, it appears that Petitioner claims it should have been apparent to both the State and the trial court as "a persuasive notice for actual innocence claim." *Id*.  A prosecutor has a duty to fully investigate a case, but such duty does not extend "to conduct a defendant's investigation or assist in the preparation of defendant's case." *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990). Moreover, the State's duty to investigate does not extend to discovery of information that is equally available to the defendant.  *See East v. Scott*, 55 F.3d 996, 1003-04 (5th Cir. 1995).  The Court therefore **RECOMMENDS** that the Respondent's Motion be **GRANTED** on this point.

Actual Innocence Issue

Petitioner claims the facts establish he is actually innocent.  He does not, however, submit any new evidence in support of his contentions.  Instead, Petitioner merely reiterates the allegations he previously made in the state courts, that he was "never identified as the driver who was intoxicated on December 3, 2000, and the medical records used at trial reflect "Elmer Barraoe" was

admitted to the hospital and his blood was drawn, but that this man and Petitioner are not one in the same.  Fed. Writ Pet. at 8, 8b.

A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional violation.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Here, Petitioner fails to establish any such violation.  However, even assuming arguendo that Petitioner could establish an independent constitutional violation, he still fails to establish his claim.  The law is clear that "the miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. at 339.  "To be credible," a claim of actual innocence must be based on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  If the petitioner asserts his actual innocence of the underlying crime, he must demonstrate, "in light of all the evidence," that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 328.

In the present case, the Court's review of the trial transcript and the evidence presented at trial reveals that the State presented ample evidence to support the offenses for which Petitioner was convicted.  The Court therefore **RECOMMENDS** that Respondent's Motion be **GRANTED**  on this point.

Ineffective Assistance of Counsel

In his Reply brief, Petitioner includes a claim of ineffective assistance of counsel.  Pet'r Reply at 12.  In particular, he claims that "counsel failed to preserve and get before the appellate court the issues concerning Petitioner's claims as argued at trial on the Blood/identity issue and the disclosure issue." *Id.*  Petitioner then attempts to fault Respondent for completely failing to address

this issue in his Motion.  *Id.*   Petitioner's assertions against Respondent are not well-taken as this Court observes that, even with a liberal interpretation, no such claim was presented by Petitioner in his federal writ Petition.  A court is not required to consider new claims that a petitioner presents in his Reply brief that he failed to include in his Petition.  *See Yates v. Stalder*, 122 Fed.Appx.717, 717 (5th Cir. 2004).

Nevertheless, even to the extent properly presented, Petitioner's newly asserted claim is without merit.  In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by it.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  He must overcome a strong presumption that his attorney's performance was within the range of professional assistance, and every effort must be made to eliminate the distorting effect of hindsight.  *Id*.  To show prejudice, a prisoner must demonstrate that there is a reasonable probability that, but for the deficient representation, the outcome of the trial would have been different.  *Id*. at 694.

Petitioner's claims are entirely conclusory.  While in his Reply he generally asserts trial counsel erred,  he provides no grounds on which to premise a claim of constitutionally deficient representation.  "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).  Petitioner also fails in his burden to show prejudice.  The Court therefore **RECOMMENDS** that Petitioner's claim be **DENIED**.

## <u>CONCLUSIONS</u>

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that Respondent's Motion for Summary Judgment (Instrument No. 10) be **GRANTED** and Petition for a Writ of Habeas Corpus of Elmer Israel Barrios (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **January 5, 2007,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____15th_____ day of December, 2006.

_____
John R. Froeschner
United States Magistrate Judge